**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41324
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JERRY HOWERTON,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-312-1
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jerry Howerton appeals the sentence imposed pursuant to his guilty-plea conviction for conspiracy to possess with the intent to distribute methamphetamine.  He argues that the district court erred in denying him a downward adjustment based on a mitigating role.

    We review the district court's determination that Howerton did not play a minor or minimal role in the offense for clear error.  See United States v. Brown, 54 F.3d 234, 240 (5th Cir.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1995). A "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of a group" and who demonstrates a lack of knowledge or understanding of the scope and structure of the enterprise. U.S.S.G. § 3B1.2, comment. (n.4). A "minor participant" is one who is "less culpable than most other participants, but one whose role could not be described as minimal." § 3B1.2, comment. (n.5). To merit an adjustment under § 3B1.2, the defendant must have been "substantially less culpable" than the average participant. § 3B1.2, comment. (n.3(A)).

The district court obviously credited the testimony of the DEA agent over Howerton's self-serving testimony that all he was capable of doing was watching the children. The court was free to make this credibility choice. See United States v. Davis, 76 F.3d 82, 85 (5th Cir. 1996). Although the DEA agent did offer testimony suggesting that Howerton's role was not as great as his wife's, an adjustment is "not appropriate simply because a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001).

The district court did not clearly err in determining that Howerton did not play a minor or minimal role in the offense. See Brown, 54 F.3d at 240. The judgment of the district court is AFFIRMED.